J. S52011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LIONEL WIDGINS, : No. 159 EDA 2015
:
Appellant :

Appeal from the Judgment of Sentence, December 18, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000023-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 18, 2016**

Lionel Widgins appeals from the judgment of sentence entered by the

Court of Common Pleas of Philadelphia County on December 18, 2014, after

a jury found him guilty of possession with intent to deliver a controlled

substance ("PWID").[1]  Following his conviction, the trial court sentenced

appellant to 3 to 10 years' incarceration.  We affirm.

The trial court set forth the following factual history:

> At approximately 7:40 [p.m.] on
> December [3], 2013, plainclothes police officers,
> responding to information from an undercover police
> officer about a "potential narcotics transaction,"
> intercepted a black GMC Envoy containing
> [appellant] and two males at the corner of Norton
> Street and Walnut Lane.  In his testimony,

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

Officer [Felix] Nosik stated that while working undercover from a confidential location at the intersection of Washington [Street] and Chew [Avenue] on December 3rd, he observed [a]ppellant and two other men standing in a laundromat for 15 minutes from a confidential location and witnessed a black male (later identified as a black female) enter the laundromat and speak to [a]ppellant after being directed to him by another man standing inside the laundromat.

After watching this conversation, Officer Nosik then observed the woman exchange U.S. currency with [a]ppellant for an "unknown small-object." Following the exchange, Officer Nosik saw this buyer place the object into a glass tube, light it and smoke it. Based on his experience as a narcotics officer, Officer Nosik believed that he witnessed a narcotics transaction and continued to observe [a]ppellant. Ten minutes later, [a]ppellant left the location in a black GMC Envoy. Officer Nosik contacted his backup officers, gave a description of the vehicle, including the license plate number, and asked them to intercept the Envoy.

In his testimony[,] Officer [John] Ellis said he received the request and he pulled over the Envoy. Officer Ellis then questioned [a]ppellant who was sitting in the passenger side seat and asked him[,] "[W]hat do you have on you?" Appellant responded by stating[,] "I have some weed on me." While recovering the marijuana from [a]ppellant, Officer Ellis also discovered 9 packets of crack-cocaine tucked into [a]ppellant's waistband and immediately placed [a]ppellant under arrest. After recovering the drugs, Officer Ellis placed them on "property receipts and sent them to the chemistry lab where they tested positive for marijuana and crack-cocaine."

Trial court opinion, 10/30/15 at 2-3 (citations to notes of testimony omitted).

The record reflects that appellant filed neither post-trial nor post-sentence motions. Rather, appellant filed a timely notice of appeal to this court. Appellant also complied with Pa.R.A.P. 1925(b). He now raises the following issues for our review:

1. Did not the lower court err by denying [appellant's] motion ***in limine*** to prohibit the Commonwealth from asserting the confidential location privilege, regarding the location from which the Commonwealth's primary witness saw a disputed drug sale, where aspects of the witness's observations were concededly false, and where the lower court's denial harmed [appellant's] ability to raise a reasonable doubt about whether the witness saw the drug sale, which violated of [sic] Pa.R.Crim.P. 573, due process, the right to present a defense, and cross-examine witnesses[?]

2. Did not the lower court err by instructing the jury to ignore the defense [sic] closing argument that the Commonwealth had gotten greedy by pursing [sic] the excessive charge of possession with intent to deliver instead of knowing and intentional possession of a controlled substance, where that was the sole disputed factual question at trial, and where the argument fairly responded to the Commonwealth's opening statement that conflated breaking the law by possessing drugs with possession with intent to deliver[?]

Appellant's brief at 3.

In his first question presented, appellant claims that the trial court erred in denying his pretrial motion to prohibit the Commonwealth from claiming a privilege with respect to the location from which Officer Nosik observed appellant sell a controlled substance. When viewing this issue as

framed by appellant in his question presented, the record belies appellant's

assertion.

> The record reflects that on October 22, 2014, the trial court heard an oral defense motion requesting that it preclude Officer Nosik from testifying that he observed appellant selling a controlled substance from a confidential location. The record further reflects that defense counsel did not file a pretrial motion on the issue he raised in his oral motion on October 22, 2014. We set forth the relevant colloquy from the oral defense motion, as follows:
>
> [DEFENSE COUNSEL]: ***Your Honor, this is a motion in limine to preclude or prevent Officer Nosik from testifying that he was in anyway in a confidential location with respect to the observations that he made in this case.***
>
> Your Honor, at the preliminary hearing in this matter as well as a motion to suppress, it is abundantly clear that Officer Nosik arrived to the scene at the major intersection of Chew Lane and Washington Avenue, that he arrived in a vehicle and then proceeded to move around on foot throughout the location. At any given time, he has testified previously, he is within 15 to 50 feet of the laundromat. At the motion, he gave specific distances for where he was at various times, but there has been some reliance on him being in a confidential location.
>
> It's my conclusion, Your Honor, that -- I'm certainly not going to get into any detail of the type of car he arrived in or was in on that particular evening; ***but with respect to him moving around, it's inappropriate -- first of all, it's not confidential when you're moving around on foot***, and it would be inappropriate and prejudicial for him to rely upon that in front of a jury.
>
> . . . .

[THE COMMONWEALTH]: If I may, Your Honor. I'm not -- since I was told about this motion today at 9:30, I don't have any case law for Your Honor. If I had been told this yesterday, I would've certainly brought some in to quote some authority.

When I've had this previously, narcotic officers, when it is a location that is in use, Your Honor, and when they conduct surveillances from certain blocks, certain areas, they have their spots that they sit in. And that is why the confidentiality of that spot is protected.

I asked Officer Nosik if it is still a confidential location, and he said it is, yes.

Normally, this motion is filed, you hear testimony on it -- at least, that's the way I've seen it done before -- but Your Honor knows the case law and would like to hear from Officer Nosik before making an order to have him testify to it.

. . . .

[DEFENSE COUNSEL]: Your Honor, if I could respond to that. It's a standard motion in limine. There's no case law at issue. ***The fact is an officer is claiming he's in a confidential location when, again, prior testimony is indicated that he is on foot throughout. You don't get to claim confidentiality as to where you're standing in a major intersection.*** I understand what counsel is saying.

. . . .

[THE COMMONWEALTH]: . . . . I've had this issue before in waiver trials. I've never had it in a jury trial. You know, you object when they ask for the location because there's certain spots that are used, maybe a roof, maybe, you know, a particular type of car. Each district only has one particular type of car. And in an open courtroom, officers are not forced to

reveal those certain factors that would indicate to the community of the 14th District where they are, what they're doing and allow them to be seen in conducting hidden surveillances.

There is -- I'm not aware of the names, but I'm pretty sure there is case law on this topic. I don't know why counsel says there isn't, because I'm pretty sure this is an issue in a lot of narcotic cases.

[DEFENSE COUNSEL]: ***And, Your Honor, there is case law with respect to fixed locations where an officer is claiming confidentiality. I have no issue with that if he was claiming to be in a fixed location***, but the fact is he's not -- I arrived in a car; I was mobile on foot throughout, 15 to 50 feet away at any given time.

He's observing the alleged transaction in this case through various windows of the laundromat on two different sides of the street. It's absolutely ridiculous to assert that -- and I have pictures of the intersection. It's absolutely ridiculous to assert that within 50 feet of this corner laundromat that there is any location that is fixed or confidential.

Notes of testimony, 10/22/14 at 4-8 (emphasis added).

Officer Nosik then testified that private-property owners permit him to conduct surveillance on their properties, but that disclosure of those locations would carry "severe" consequences for the private property owners. (***Id.*** at 14-16.) The officer further testified that he conducted a portion of the surveillance that gave rise to appellant's arrest and subsequent conviction on private property. (***Id.*** at 17.) After hearing argument and the officer's testimony, the trial court held that the location of the privately owned property would remain confidential, but that the officer

would be required to disclose the location of any and all public property on which he conducted his surveillance of appellant. (*Id.* at 17-18.)

The record, therefore, demonstrates that appellant prevailed on the oral motion that he presented on October 22, 2014. Stated differently, the court agreed with appellant that "it's not confidential when you're moving around on foot." (*Id.* at 5.) Appellant also conceded that he had "no issue with [confidentiality] if [the officer] was claiming to be in a fixed location." (*Id.* at 7.) Consequently, appellant cannot now complain about a ruling on which he prevailed. That ruling, however, is not the gravamen of appellant's complaint on appeal.

In the argument section of his brief, appellant claims that the trial court erred by not compelling Officer Nosik to disclose the confidential location from which he conducted his surveillance of appellant. In response, the Commonwealth argues that appellant waived this issue for failure to raise it below. We agree.

Pa.R.Crim.P. 573, titled "Pretrial Discovery and Inspection" governs pre-trial discovery motions and requires, in relevant part:

**(B) Disclosure by the Commonwealth.**

. . . .

**(2) Discretionary With the Court.**

> **(a)** In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10

(Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

. . . .

**(iv)** any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(B)(2)(a)(iv).

Here, appellant failed to file the requisite motion for pretrial discovery to request disclosure of the confidential location of Officer Nosik's surveillance and to establish that disclosure would be in the interests of justice. Therefore, appellant waives this issue on appeal. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant next complains that the trial court erred in sustaining the Commonwealth's objection and instructing the jury to disregard appellant's comment in closing argument that the Commonwealth "got greedy" in charging appellant with only PWID and not the lesser-included offense of

knowing or intentional possession[2] ("possession") because it "had the effect of applying to the entirety of the closing argument." (Appellant's brief at 29.) The record reflects that the following colloquy took place during defense counsel's closing argument:

> [DEFENSE COUNSEL]: You did hear from Officer Ellis that [appellant] had marijuana on him, three packets, and nine packets of crack cocaine.
>
> Ladies and gentleman, [appellant] is not charged today with possession of those substances. The Commonwealth, for whatever reason, got greedy. They didn't charge him --
>
> [THE COMMONWEALTH]: Objection. Objection to the Commonwealth got greedy.
>
> THE COURT: You can continue.
>
> [DEFENSE COUNSEL]: They didn't charge him with that.
>
> What did they charge him with?
>
> They charged him with drug dealing and criminal conspiracy, not possession. They charged him with engaging in a sale that was observed by a police officer.
>
> What evidence do you have of that?
>
> There isn't much. There's at least not much that's not contradicted in some way for all the reasons I just went through.
>
> That's what he's being charged with. He's charged with drug dealing. . . .

---

[2] 35 P.S. § 780-113(A)(16).

Notes of testimony, 10/23/15 at 22-23.

At the conclusion of defense counsel's closing, the trial court excused the jury to address the Commonwealth's objection. The Commonwealth again objected to defense counsel's comment that the Commonwealth "got greedy." (*Id.* at 24-25.) It then requested that the court charge the jury on the lesser-included offense of possession because defense counsel opened the door by commenting in its closing argument that the Commonwealth "got greedy" when it charged appellant with PWID and not possession. (*Id.* at 25.) Initially, the trial court agreed with the Commonwealth. Defense counsel, however, argued that a charge on possession would "directly undercut" appellant's closing argument. (*Id.* at 28.) The trial court ultimately agreed with appellant and refused to charge the jury on possession. (*Id.* at 30-31.) The Commonwealth then requested a curative instruction with respect to the comment that the Commonwealth "got greedy." The following colloquy then took place:

> THE COURT: I will do that. I will do that because it did shock my conscience. So I can do that. That was what I was going to offer.
>
> [THE COMMONWEALTH]: That's fair.
>
> [DEFENSE COUNSEL]: And just for clarification, Your Honor, the comment specifically was, "The Commonwealth got greedy"?
>
> THE COURT: That's it.
>
> [DEFENSE COUNSEL]: Okay. I understand Your Honor's possession [sic] with respect to that.

*Id.* at 31.

The court then instructed the jury as follows:

THE COURT:  Ladies and gentlemen, I just want to address with you something that happened in the defense's closing argument.  He mentioned that the Commonwealth got greedy.  And I want you to disregard that.  It was in the context of a charge in the case.

I want you to disregard the words "Commonwealth got greedy," okay?

. . . .

*Id.* at 32.

Once again, the record reflects that the trial court agreed with defense counsel when it refused to charge the jury on possession.  In other words, the record demonstrates that appellant received what he requested, which was for the trial court to not charge the jury on the lesser-included offense of possession.  The record also reveals that appellant acquiesced to the trial court's curative instruction.

The record further demonstrates that the trial court only instructed the jury to disregard the words, "Commonwealth got greedy," and not the premise of counsel's closing argument which was that the Commonwealth charged appellant with PWID and not possession.  Although appellant baldly asserts that the trial "court's order was not limited merely to the words 'got greedy', but had the effect of applying to the entirety of the closing argument" (appellant's brief at 29), appellant fails to advance any

meaningful argument or set forth case law to support that assertion. As noted by the Commonwealth in its brief, "it is impossible to discern [appellant's] theory of relief." (Commonwealth's brief at 13.)

Therefore, notwithstanding the fact that the record belies appellant's claim that the trial court's curative instruction to the jury to disregard the three words, "Commonwealth got greedy," somehow negated counsel's entire closing argument, appellant waives the issue for failure to set forth a relevant legal analysis and to cite to relevant legal authority. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa.Super. 2012) (an appellant's failure to set forth a relevant legal analysis and/or to cite to relevant legal authority results in waiver).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016

- 12 -